**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
JUAN R. SOTO,                       :
                                    :
            Petitioner,             :   Civil No.  11-3631 (FLW)
                                    :
      v.                            :   OPINION
                                    :
GREG BARTKOWSKI, et al.,            :
                                    :
            Respondents.            :
```

**APPEARANCES:**

> **JUAN R. SOTO,** Petitioner Pro Se
> #301232
> New Jersey State Prison
> P.O. Box 861
> Trenton, NJ 08625

**WOLFSON,** District Judge

This matter is before the Court on Petitioner Juan R. Soto's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he is challenging his 1998 New Jersey state court conviction and sentence. For reasons discussed below, it appears from review of the petition papers provided by petitioner that his § 2254 habeas petition may be subject to dismissal as time-barred under 28 U.S.C. §2244(d).[1]

---

[1] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124

I.  **PROCEDURAL BACKGROUND**

Petitioner, Juan R. Soto ("Petitioner"), filed a petition for habeas corpus relief on or about June 15, 2011.[2] According to the allegations contained in his petition, Petitioner was convicted by jury trial on or about May 4, 1998, in the Superior Court of New Jersey, Law Division, Mercer County on multiple counts including felony murder, aggravated manslaughter, robbery, kidnapping, burglary, conspiracy to commit robbery, and weapons charges.  Petitioner was sentenced to life imprisonment with thirty years without parole.

Petitioner filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division.

---

S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer.  The Supreme Court held that district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely.  Day v. McDonough, 547 U.S. 198, 209(2006).

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Here, Petitioner signed his petition on June 15, 2011.  Therefore, the Court will use the date June 15, 2011, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the petition was received by the Court, which was June 21, 2011.

2

On June 13, 2001, the Appellate Division vacated the kidnapping conviction and sentence and affirmed all other convictions and sentences.  The Supreme Court of New Jersey denied certification on October 23, 2001.  Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States.

On December 10, 2002, Petitioner filed a petition for post-conviction relief ("PCR"), pro se, in the Superior Court of New Jersey, Law Division, Mercer County.  On September 14, 2006, the Superior Court denied PCR.  Petitioner then appealed the denial of his state PCR petition to the Appellate Division.  The Appellate Division affirmed denial of PCR on January 15, 2008.  It appears that Petitioner may have omitted certain facts from the recitation of dates but he does make reference to another Appellate Division decision decided on November 10, 2010.

As stated above, Petitioner did not submit this federal habeas petition to prison officials for mailing until on or about June 15, 2011.

## II.     STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**III. STATUTE OF LIMITATIONS ANALYSIS**

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ...
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the

4

United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

The limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed. Swartz, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. §

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

2244(d)(2)." Stokes v. Dist. Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001).

Here, the judgment of conviction became final 90 days after October 23, 2001, on or about January 21, 2002.

Accordingly, Petitioner had one year from the date on which his judgment of conviction became final under § 2244(d)(1)(A), January 21, 2002, or until January 21, 2003, to timely file his federal habeas petition.

To permit tolling of the one-year limitations period under § 2244(d)(2), Petitioner must have filed his state PCR petition before the one-year period had expired. Here, Petitioner filed his PCR petition on December 10, 2002, within the one-year permissible time period but allowing over ten months of that time to elapse. Given the apparent lack of certain filing dates, the Court will allow Petitioner the benefit of the doubt and assume for purposes of this review that the PCR process ended with the November 10, 2010 Appellate Court decision.

From that date, Petitioner would have had under two months left in the one-year time period in which to file a federal habeas corpus petition. Yet Petitioner allowed over seven more months to elapse until filing this Petition on June 15, 2011, thus exceeding the one-year limitations period by over five months. Petitioner provides no reason for his delay in filing

6

this petition out of time. As such, it would appear from the face of the petition that this habeas action is now time-barred under 28 U.S.C. § 2244(d).

Before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness. See Day v. McDonough, 547 U.S. 198 (2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

Petitioner may be able to overcome this statutory time bar if he can show that the limitations period did not expire as determined by this Court, or if he can show a basis for equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a

state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).[4]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the

---

[4] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

8

extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Therefore, before this Court can dismiss this petition, an Order will be issued directing Petitioner to show cause why his petition should not be dismissed as time-barred.

**IV. CONCLUSION**

For the foregoing reasons, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order Petitioner to show cause in writing why his petition should not be dismissed as untimely. An appropriate order follows.

DATED: February 1, 2012
                                          *s/Freda L. Wolfson*
                                          Freda L. Wolfson
                                          United States District Judge